Filing # 19122046 Electronically Filed 10/07/2014 06:16:26 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER** |
| **PLAINTIFF**<br>JORGE DIAZ,<br>and other similarly-situated individuals, | **VS. DEFENDANT**<br>INTERNATIONAL VAPOR GROUP, INC a Foreign Profit Corporation d.b.a. VAPOR ZONE, INC and NICOLAS MOLINA, Individually. | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☒ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☒ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
  ☐ 133 - **Other Civil Complaint**
    ☐ 009 - Bond Estreature
    ☐ 014 - Replevin
    ☐ 024 - Witness Protection
    ☐ 080 - Declaratory Judgment
    ☐ 081 - Injunctive Relief
    ☐ 082 - Equitable Relief
    ☐ 083 - Construction Lien
    ☐ 084 - Petition for Adversary Preliminary Hearing
    ☐ 085 - Civil Forfeiture
    ☐ 086 - Voluntary Binding Arbitration
    ☐ 087 - Personal Injury Protection (PIP)

CLK/CT 96 Rev. 12/09                                                                 Clerk's web address: www.miami-dadeclerk.com

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

REMEDIES SOUGHT (check all that apply):

☒ monetary;
☐ non-monetary declaratory or injunctive relief;
☐ punitive

NUMBER OF CAUSES OF ACTION: [ 4 ]
(specify) Wage & Hour Federal Statutory, Discrimination based on National Origen, Retaliatory Discharge.

IS THIS CASE A CLASS ACTION LAWSUIT?
☐ Yes
☒ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
☒ No
☐ Yes   If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # ____0165580____
          Attorney or party                          (Bar # if attorney)

Jason S. Remer, Esq.                              10-7-14
(type or print name)                              Date

CLK/CT 96 Rev. 12/09                              Clerk's web address: www.miami-dadeclerk.com

Filing # 19122046 Electronically Filed 10/07/2014 06:16:26 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

JORGE DIAZ,
and other similarly-situated individuals,

    Plaintiff(s),               CASE No.:_____

v.

INTERNATIONAL VAPOR GROUP, INC
a Foreign Profit Corporation *d.b.a.* VAPOR ZONE, INC and
NICOLAS MOLINA, Individually.

    Defendant.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, JORGE DIAZ ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, INTERNATIONAL VAPOR GROUP, INC a Foreign Profit Corporation *d.b.a.* VAPOR ZONE, INC and NICOLAS MOLINA, Individually. ("Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Honorable Court is proper as the damages for Plaintiffs are in excess of $15,000.00, excluding attorney's fees and costs; and the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), Article X, Section 24 of the Florida Constitution, the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of national origin and retaliation. This is an action brought

under Chapter 760, Florida Statutes, 42 U.S.C. '2000e et seq. and 42 U.S.C. '1981a. to recover unpaid overtime compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, INTERNATIONAL VAPOR GROUP, INC a Foreign Profit Corporation *d.b.a.* VAPOR ZONE, INC., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, NICOLAS MOLINA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, INTERNATIONAL VAPOR GROUP, INC a Foreign Profit Corporation *d.b.a.* VAPOR ZONE, INC.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as non-exempt employee.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

### COUNT I
*Wage & Hour Federal Statutory Violation Against*
*INTERNATIONAL VAPOR GROUP, INC*
*a Foreign Profit Corporation d.b.a. VAPOR ZONE, INC*

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

16. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

18. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

20. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

22. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*Wage & Hour Federal Statutory Violation Against*
*NICOLAS MOLINA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

28. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

29. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

30. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

31. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

32. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

34. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

35. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

36. The Plaintiff is a Cuban national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

37. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Cuban employees were allowed better work opportunities.

38. The Plaintiff was terminated or constructively discharged as a result of his national origin and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

39. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

40. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

41. Plaintiff was qualified for his position with Defendant as a cashier.

42. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

43. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

44. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

    a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    b. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

 c. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

 d. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

 e. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

 f. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

 g. For a money judgment representing prejudgment interest;

 h. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

 i. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

 j. Grant PLAINTIFF a trial by jury;

 k. Grant such other and further relief as the Court deems just and proper.

### COUNT IV
### FEDERAL STATUTORY VIOLATION:
### RETALIATORY DISCHARGE PURSUANT TO 29 U.S.C. 215(A)(3).

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-44 of this complaint as if set out in full herein.

46. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

47. Throughout plaintiff's employment, plaintiff complained about overtime wages to the Defendant and in February 12, 2014 the Defendant constructively discharged Plaintiff.

48. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been constructively discharged but for his complaint for overtime wages.

49. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated __10-7-14__

Respectfully submitted,

_____
**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044
bshulman@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI DADE COUNTY,
FLORIDA.

JORGE DIAZ,
and other similarly-situated individuals,

    Plaintiff(s),           CASE No.:_____

v.

INTERNATIONAL VAPOR GROUP, INC
a Foreign Profit Corporation *d.b.a.* VAPOR ZONE, INC and
NICOLAS MOLINA, Individually.

    Defendant.
_____/

### SUMMONS IN A CIVIL CASE

**TO:** INTERNATIONAL VAPOR GROUP, INC *d.b.a.* VAPOR ZONE, INC, through its Registered Agent:

    BEN WOLKOV
    1441 BRICKELL AVENUE
    15th FLOOR
    MIAMI, FL 33131

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                          DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI DADE COUNTY,
FLORIDA.

JORGE DIAZ,
and other similarly-situated individuals,

    Plaintiff(s),        CASE No.:_____

v.

INTERNATIONAL VAPOR GROUP, INC
a Foreign Profit Corporation *d.b.a.* VAPOR ZONE, INC and
NICOLAS MOLINA, Individually.

    Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:** NICOLAS MOLINA

        15050 NW 79th COURT
        MIAMI LAKES, FL 33016

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                          DATE

_____
(BY) DEPUTY CLERK

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, __Jorge Diaz__, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, __Vapor Zone__, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: _[signature]_   Date: 2/18/14

Print Name: __Jorge Diaz__

Filing # 19122046 Electronically Filed 10/07/2014 06:16:26 PM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

JORGE DIAZ
Plaintiff
vs.
INTERNATIONAL VAPOR GROUP, INC, NICOLAS MOLINA
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐   No ☒

III. **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (    )
(Specify)

<u>4</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Jason S Remer                              </u>   FL Bar No.: <u>165580</u>
        Attorney or party                                              (Bar number, if attorney)

<u>Jason S Remer                                   </u>   <u>10/07/2014</u>
    (Type or print name)                                  Date